ADAM L. COSBEY ET AL. *v.* Executors, etc., of DAVID LEE.

(No. 10,446.)

1. The word "heirs" will be construed to mean "children," when necessary to effect the testator's purpose.
2. A clause in the will of the testator provides "that the remainder of the proceeds of the sale of the aforesaid farm be equally divided, share and share alike, between the heirs of Samuel Cosbey, my brother-in-law." Samuel Cosbey survived the testator, and the children of Cosbey were living at the date of the execution of the will, and now claim the remainder of the estate as residuary legatees.

*Held,* That Samuel Cosbey took no interest, either directly or indirectly; his name is used to designate more clearly those who were intended to receive the remainder of the estate.

SPECIAL TERM.—The petition is filed to obtain a legal construction of a clause in the will of David Lee.

The plaintiffs, Adam Lee Cosbey, Samuel M. Cosbey, Catharine Naylor, David L. Cosbey, and William H. C. Cosbey, as the only children of Samuel Cosbey, who still survives, claim to be devisees of the testator, under the following clause in his will:

"3d. I direct that immediately after the death of my wife, Isabella Lee, my executors proceed to sell, to the best advantage, my farm in Sycamore township, for cash in hand, or on a credit of one and two years, as they may think will be to the best interest of my estate, and the proceeds of the sale of said farm to be paid out as follows:"

Here follow specific legacies to a number of persons, as to

Adam L. Cosbey et al. *v.* Executors, etc., of David Lee.

whose right there is no question.   The testator then proceeds :

" I direct that the remainder of the proceeds of the sale of the aforesaid farm be equally divided, share and share alike, between the heirs of Samuel Cosbey, my brother-in-law."

The plaintiffs claim to be entitled to receive the remainder of the estate, now in the hands of the executors, as residuary legatees, alleging they are embraced in the description of " heirs," and were intended by the testator so to be regarded and designated.

The executors, who are also defendants, in their answer admit the facts stated in the petition, and ask the court to decree upon the questions involved.   They state they believe the testator intended to bestow his bounty on the plaintiffs by the name he has used, and have no objection, if there is no legal ground to the contrary, so to dispose of the property in their hands.

*Strait & Hollister* for plaintiffs and defendants.

STORER, J.   It will readily be seen the testator has not, in the devise to the heirs of his brother-in-law, conveyed any intermediate estates, or suspended the enjoyment of the estate devised, upon any future event.   The father of the plaintiffs took no interest, either directly or indirectly. His name is used only to designate more clearly those who were intended to receive the remainder of the estate.

We must hold, then, that whoever were intended by the testator to be designated by the word " heirs," take, at his death, a vested interest ; else their portions would be in abeyance, or the bequest itself be void for uncertainty.   If, therefore, a right became vested, the question arises, to whom did it pertain ?   The plaintiffs being then alive, and well known by the testator, were not the heirs of Samuel Cosbey, as he was still in being ; nor could they, at his death, derive a title through him ; but they were, nevertheless, the appa-

rent heirs, and may all be regarded as coming within the meaning of the term.    Thus, in *Darbison* v. *Beaumont*, 1 P. Wms. 231, it is said: "The word 'heir' has, in law, several significations; in the strictest, is signified one who had succeeded to a dead ancestor; but in a more general sense it signified an heir apparent, which supposed the ancestor to be living.    Since the law had given to this word several senses, it would be hard to expound it in that which was the strictest and most rigorous, and would destroy great part of the will; when it might have another sense, which would support the whole will and intent of the party." And it was held, accordingly, that a devise to the *heirs male of J. S.* would enable a son of J. S., then living, to take. So, in *Goodright ex dem.* v. *White*, 2 W. Bl. 1,010, it was decided that a devise to the heir of W. may be good as " *designatio personæ*," and he may take in the lifetime of W.

De Grey, C. J., in giving his opinion, said: " Two hundred years ago it might have been thought not sufficient, but within a century past, a more liberal construction of the testator's words has prevailed; and they have been generally taken in their popular sense, which is most likely to have been his meaning."

So, in 15 Ohio, 559, *King* v. *Beck*, our supreme court has fully recognized the doctrine that the word " heirs" may be construed to mean children, when it is necessary to effect the object the testator had in view.

The same ruling is found in 2 Dess. 33, *Brailsford* v. *Heyward's ex'rs*; 4 Pick. 198, *Bowers* v. *Porter;* 5 Barbour, S. C. 190, *Arnold* v. *Gilbert;* 12 B. Mon. 115, *Hughes* v. *Hughes.*

We have no doubt, upon principle, as well as authority, we are permitted to substitute the word "children" for that of heirs, in the clause before us, without violating any legal principle, or giving any unnatural meaning to the term. In so doing, we are satisfied we are but carrying out and vindicating the testator's intention.

A decree will be so entered.