JOHN G. WILLS *v.* W. S. FRANKLIN.

**Will—Rule of Construction.**
Where there is a devise over in the event of the death of the preceding devisee, it refers to the event happening during the life of the testator.

APPEAL FROM CLARK CIRCUIT COURT.

October 28, 1874.

OPINION BY JUDGE PRYOR:

The proper construction of the clause of the will in controversy is that if one of the devisees should die in the lifetime of the testator, his children, if any, should take his property, and if not, it should pass to the surviving devisees. The rule is that where there is a devise over in the event of the death of the preceding devisee, it refers to the event happening during the life of the testator, and this rule must prevail here, as there is no other period to which the language of the will refers. If the testator had said in the event of the death of the devisee without children, it would have referred to or the contingency would depend on the death of the devisee without children. There is no such language, however, in the will, and as some time must be fixed in determining the devisee's interest, it is plain that the period of time referred to at which the event was to happen in order to defeat the claim of the appellant, was his death during the life of the devisor.

The appellant, therefore, had a complete title to the land ex-

changed with appellee, so far as it could have been conferred upon him by the devisor.

*Hughes v. Hughes,* 12 B. Mon. 115. The judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. Simpson, for appellant.*