CASE 76—PETITION EQUITY—October 2.

## Wilson, &c., v. Bryan, &c.

APPEAL FROM JESSAMINE COURT OF COMMON PLEAS.

CONSTRUCTION OF DEVISE.—A testator having five sons and one daughter provided by his will that "my estate shall be kept together, and jointly used and enjoyed by my children until the youngest becomes of age, and then the land to be equally divided in value among my sons that may then be living. If any of my sons should die without any bodily heirs his portion of my estate to be divided amongst his brothers and sister that may then be living." *Held*—That each of the sons took an absolute estate upon the youngest becoming of age. The provision that in the event of the death of any one of them without children, his portion should be divided amongst his brothers and sister, had reference to a dying before the youngest should become of age, and, therefore, one of the sons having died without issue after that time, the children of a deceased brother took by inheritance from him that portion of his share which their father would have inherited if living.

BRONAUGH & BRONAUGH FOR APPELLANTS.

The sons took a defeasible fee under their father's will. It was the intention of the testator that, in case of the death of one of his sons *at any time* without bodily heirs, his portion should be divided as directed in the will. (Hart v. Thompson's Adm'r, 3 B. M., 486; Deboe v. Lowen, 8 B. M., 616; Attorney-General v. Wallace's Devisees, 7 B. M., 615; Daniel v. Thompson, 14 B. M., 569; Cleveland v. Cleveland, 5 Ky. Law Rep., 56; Wills v. Wills, 85 Ky., 497; O'Mahoney v. Burdett, 7 Eng. & Ir. Appeal, 388; Bayless v. Prescott, &c., 79 Ky., 253; Best v. Conn, 10 Bush, 38; Fosdick v. Cornell, 1 Johnson, 440 (3 Am. Dec., 342); Kirby v. Fowler Fearne's Ex. Dev., 236, 245; Pells v. Brown, bro. James, 590; Porter v. Bradley, 3 T. R., 146; Jackson v. Staats, 11 Johnson, 337 (6 Am. Dec., 376); Thackston v. Watson, 84 Ky., 210.)

J. R. MORTON FOR APPELLEES.

The sons took under their father's will a fee defeasible upon their dying without heirs before the youngest became of age, which was the period fixed for division of the estate, but when that period arrived such fee became absolute. (Jarman on Wills, vol. 2; Birney v. Richardson, 5 Dana, 424; Pool v. Benning, 9 B. M., 623; Duncan v. Kennedy, 9 Bush, 580; Thackston v. Watson, 5 Ky. Law. Rep.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

W. T. Bryan died in 1854, leaving a will, upon construction of the third clause of which decision of the two cases before us depends. That clause is as follows :

"It is my will that my estate shall be kept together, and jointly used and enjoyed by my children until the youngest comes of age, and then the land to be equally divided in value amongst my sons that may then be living. If any of my sons should die without any bodily heirs, his portion of my estate to be divided amongst his brothers and sister that then may be living; and further, all my personal estate to be sold, and the proceeds divided amongst those of my children then living, giving to my daughter, Sallie B. Cassell, as much as will make her equal with my sons. If she should marry or die, then her portion of my estate to go to her children. In the division of my estate my executors will be governed by the charges made in my book, marked B, so as to make them all equal. Furthermore, it is my will, if my wife should desire it at any time, that any one of my sons should live with and take care of her, his mother, while she may live, that he be paid out of my estate what my executors or two disinterested persons may think his special attention worth to his mother. And it is my will that if any of my slaves should become unruly and disobedient, my executors may sell them at any time, or any other species of my property that they may think advisable for the benefit of my children."

It appears M. Bryan, the youngest son, became of

age September 20, 1861, and then the children, five sons and one daughter, agreed in writing and did divide and partition the estate in pursuance of the will, deeds being executed to each son for the tract of land allotted to him.

Appellees, W. T. and S. H. Bryan, are children of A. S. Bryan, son of testator, who died in 1863, and the controversy in the two actions brought by appellees, and tried together, is in relation to the lands left by two other sons of the testator, who died at different times subsequent to 1863 intestate and without children, the two surviving brothers and sister having taken possession and claimed said lands to the exclusion of appellees.

It seems to us if each portion of the claim quoted be considered in relation to and dependence upon all other parts, as manifestly should and was intended by the testator to be done, there is not much difficulty in determining the nature and object of the scheme devised for disposal of his real estate among his five sons. That scheme was, we think, to have his estate, in his own language, "kept together and jointly used and enjoyed by all his children" until the arrival of his youngest son to the age of twenty-one, and then for a division to take place among those of his sons living, which, according to the natural import of the language used, involved an absolute title of each of the sons to the particular tract of land falling to him in that division. And we think it is equally clear the event, and the only one contemplated by the testator, or correct grammatical construction permits, upon which that scheme was to be modified or altered,

was to be the death of a son or sons before the time arrived for the division to take place. The close connection of the sentence in which the condition or contingency is mentioned with that providing for division, for one immediately follows the other, shows that the condition, and only one, intended upon which the devise of an absolute estate could be defeated was occurrence of the death of one or more of his sons before his youngest became of age.

The case of Duncan v. Kennedy, 9 Bush, 580, is almost exactly like this, and we think conclusive the construction we have given of this will is correct.

It thus results appellees, in right of their father, were entitled to the share in the land left by the two deceased sons of the testator that he, their father, would have taken as heir-at-law if living. And the judgment is affirmed.