Jones, &c., v. Moore.

CASE 43—PETITION EQUITY—DECEMBER 11.

# Jones, &c., v. Moore.

APPEAL FROM MERCER CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—Under a devise by a testator to his son and only child, who was at the date of the will only a few months old, the estate devised "consisting of lands, slaves, cash or cash notes, to be placed in the hands of his trustees and guardians for his benefit," with the provision that if the son should die leaving no issue, then the estate bequeathed to him to be divided among the testator's brothers and sisters, the son took the fee subject to be defeated only in the event of dying without issue before reaching his majority, and not subject to be defeated upon his dying at any time without issue.

BELL & BELL AND GAITHER & VANARSDALL FOR APPELLANT.

The provision of the seventh paragraph of the will, that in case the son died without issue, the estate should go back to the brothers and sisters of the testator, was intended to create in the son an estate which would be defeasible upon his death without issue at any time. (Varble v. Phillips, 14 Ky. Law Rep, 363; Mercantile Bank of N. Y. v. Ballard's Assignee, 83 Ky., 489; Redfield on Wills, p. 225; Cunningham v. Wathen, 6 Ky. Law Rep., 443; Thaxton v. Watson, 84 Ky., 210; Wills v. Wills, 85 Ky., 496; Bradley v. Skillman, 3 Ky. Law Rep., 734; Cleaveland v. Cleaveland, 5 Ky. Law Rep., 56; Eckston v. Smith, 6 Ky. Law Rep., 216; Bryant v. Bryant, 6 Ky. Law Rep., 293.)

POSTON & JACOBS FOR APPELLEES.

The will, taken as a whole, shows that by the 7th paragraph the testator contemplated that the estate devised should be defeasible only upon the death of his son without issue before his own death, or before the termination of the control of the estate by the trustees. The son's death not occurring until after the happening of these two events, the appellants are not entitled to the estate, although he died without issue. (Birney v. Richardson, 5 Dana, 424; Trabue v. Terry, 10 Ky. Law Rep., 346; Ferguson v. Thomason, &c., 87 Ky., 520; Thaxton v. Watson, 84 Ky, 208; Duncan v. Kennedy, 9 Bush, 580; Hughes v. Hughes, 12 B. M., 118; 13 Ky, Law Rep., 607; 10 Ky. Law Rep., 469; 85 Ky., 486.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Cyrus Jones died testate in Mercer county, Kentucky, in 1850. His son and principal devisee reached his majority in 1871 and died without issue in 1891. The land the son took under his father's will is the subject-matter of this litigation.

The question is, did the son take it in fee, subject to be defeated upon his dying at any time without issue, or the fee to be defeated only upon his dying without issue before reaching his majority ? If the former, the appellants, the collateral kindred of the testator, will recover it. If the latter, the appellees, the purchasers under the son, will retain it. After providing for the payment of his debts, the testator named his brother and another as trustees for his wife during her life, and also as trustees and guardians for his only son until he should arrive at the age of twenty-one years.

By the third clause he placed six thousand dollars in the hands of the wife's trustees, the interest of which was to be paid to her annually, and at her death the principal was to go to his son, if living, and if not, then to the living brothers and sisters of the testator, and the issue of such as were dead. By other clauses he made further provision for his wife, and in the seventh clause provided as follows :

" I give and bequeath to my son and only child, all the rest of my estate, consisting of lands, slaves, cash or cash notes, to be placed in the hands of his trustees and guardians for his benefit, hereby empowering them to invest any additional portion thereof in real estate as they shall think proper ; and should my son die leaving no issue, then and in that case the estate

hereby bequeathed to him, whatever it may be, to come back to, and be divided among, my brothers and sisters, or their issue, on the same terms and principles as is provided in the third clause of this, my will, in relation to the six thousand dollars bequeathed to the use and benefit of my wife herein.''

When the will was made the son was only a few months old. The father had in mind the long lapse of time during which these trustees or guardians were to have the control of the estate, and he enlarged their powers so that they might take the accumulated personalty and invest it in real estate if they saw proper, and if the son died during their management and control, the estate, in whatever it happened to consist by reason of their investments, was to go to the testator's brothers and sisters.

This is not the case of a devise to A in fee, and if he die without issue remainder over to B. It is in effect a devise to the trustees and guardians of A until a particular time, at which A, if living, becomes entitled to the estate, and if he died without issue before that time, then over to B.

The lands, slaves, cash and cash notes, all, are devised and bequeathed under the same limitation, and it is wholly improbable that a rational testator would make such a provision as to cash as looked to its distribution upon an indefinite failure of issue on the death of the first taker. But while this cash and these cash notes were in the hands of the trustees and guardans, or if portions thereof had been invested in real estate, "whatever it may be," the whole must be turned over to the remaindermen if the son died with-

out issue.   While the estate was thus under the control of the trustees and guardians, this provision was rational and feasible, but wholly impracticable as to the personalty if the time of distribution be extended to an indefinite and uncertain future event.

As said above, this provision as to the trustees has the elements of a devise of a particular estate to them, and "in such a case the law will not incline to any other conclusion than that the death must be during the particular estate, unless the letter or context of the will plainly shows that the testator intended a death either in his own lifetime or at any time whenever it might occur."  (Birney v. Richardson, 5 Dana, 424.) "In the absence of such a disposing intent appearing from the will, it will not be presumed that the testator intended that the property should be distributed to the devisee, and that he should enter upon the enjoyment of it, and yet his interest therein be liable to be defeated by his subsequent death, however remote."   (Furguson, .&c., v. Thomasson, &c., 87 Ky., 519.)

The time fixed for the ultimate disposition of the six thousand dollars was the death of the widow, and the son, if living then, took it.   There was no further limitation as to his taking, because, as we suppose, the time for his taking, that is, the death of the widow, might occur after he had reached his majority.   We think the construction adopted gives effect to the manifest intent of the testator, and the general rules of construction, useful only as this may aid in arriving at the intention of the testator, are in accord with the one adopted in this case.

Judgment affirmed.