## Gormley, et al. v. Overstreet, et al.

(Decided November 18, 1913).

### Appeal from Fayette Circuit Court.

Deeds—Dying Without Issue—Construction of.—Where a deed to an infant conveyed to her and her heirs and assigns forever, a certain lot of land, the grantor, however, reserving to himself during his lifetime and to the grandfather of said infant after grantor's death, the right to manage and control said property until the said infant grantee reached the age of 21 years, which (deed also contained a provision that if said infant grantee should die without issue the property conveyed should revert to grantor's son, the limitation will be held to apply to the infancy of grantee, and the title conveyed becomes an absolute fee simple title on her reaching the age of 21 years. (Harvey v. Bell, 118 Ky., 522).

FALCONER & FALCONER and P. J. SHERRY for appellants John B. and Oddin Gormley.

J. A. EDGE for appellants, Martin Heirs.

SHELBY & SHELBY and FORMAN & FORMAN for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On December 17, 1868, one Richard Martin, of Fayette County, executed, acknowledged and delivered to Rhoda Johnson a deed conveying to her a lot of land in Lexington. Said deed, omitting the description of the property, reads as follows:

"This indenture made this 17th day of December, 1868, between Richard Martin of the county of Fayette and State of Kentucky, of the first part, and Rhoda Johnson (colored) and infant daughter of Mary Jane

Johnson, of the county of Fayette and State of Kentucky, of the second part,

"Witnesseth: That for and in consideration of the sum of one dollar to him in hand paid, the party of the first part doth bargain, sell, convey, release and grant unto the party of the second part, and her heirs and assigns forever, a certain piece or lot of land with a stable thereon, situated in the city of Lexington, Kentucky, and bounded as follows, to-wit: (here follows description). It is expressly understood that the party of the first part reserves the power during his life to manage and control said property for the party of the second part, and to act as her agent in regard to it, and after his death Henry Johnson, grandfather of the party of the second part is to act as agent and manage said property for said second party, up to the time she reaches twenty-one years of age. But in the event of the death of said Rhoda Johnson without legal issue, then the property hereby conveyed is to descend to my son, James H. Martin and his heirs. Together with all the rights, privileges and appurtenances thereunto belonging. To have and to hold the property hereby conveyed to the party of the second part and her heirs and assigns forever, subject to the above control. And the said party of the first part covenants that he will warrant generally the property hereby conveyed."

Appellees claim title to a part of this lot as descendants of one Jos. F. Overstreet, who derived title through said Rhoda Johnson.

On April 25, 1912, appellees at public auction sold to appellants, John B. Gormley and Oddie Gormley, a portion of the aforesaid lot at the price of $1,100 to be paid one-third in cash and the remainder in one and two years from date of sale. A written memorandum of the sale was made and signed by the appellants mentioned and by the auctioneer who was authorized by the said appellees to do so. After said sale, said appellants notified appellees that they desired to pay said purchase price in full upon execution and delivery of the deed, but having refused to accept the deed tendered to them by appellees, not otherwise repudiating their purchase of said lot, appellees instituted this action against appellants in the Fayette Circuit Court to enforce performance of the said contract, and acceptance of the deed tendered.

Appellants, John B. Gormley and Oddie Gormley, answered and resisted performance thereof upon two

grounds: First, that the deed so tendered and offered to be delivered was insufficient in form; and second, that the said appellees could not convey a fee simple title to the said lot. The objection to the form of the deed is that it does not comply with section 495, Kentucky Statute, requiring source of title to be shown; and the objection to the title is based upon the contention that the deed above mentioned, of Richard Martin to Rhoda Johnson, did not pass to said Rhoda Johnson, under whom appellees claim, a fee simple title to said lot for the reason that said Rhoda Johnson, after reaching the age of 21 years, died without issue, and appellants claim said property thereupon reverted to the heirs of Jas H. Martin, son of Richard Martin, grantor in said deed. The defendants made their answer a cross-petition against the said heirs of the said Jas. H. Martin and alleged that they were setting up claim to be the owners of the property in controversy herein. The said heirs of Jas. H. Martin thereupon filed an answer and cross-petition setting up their claim to the said property by virtue of the aforesaid conveyance and the death of said Rhoda Johnson without issue, confessing, however, that she died after reaching the age of twenty-one years. Plaintiff's demurrer to the answer filed by John B. Gormley and Oddie Gormley having been sustained, and they declining to plead further, the court entered a judgment against them decreeing specific performance of the contract of sale. From that judgment they appeal.

And from a judgment sustaining a demurrer to, and dismissing the answer and cross-petition filed by the said heirs of Jas. H. Martin, the said heirs appeal.

. The questions for decision are: Does the deed tendered conform to section 495, Kentucky Statutes? And, if so, does it convey a fee simple title?

The language of the section of the statutes referred to which is applicable hereto is as follows:

"If the property or interest therein be obtained by inheritance or in any other way than by recorded instrument of writing, then the deed offered for record shall state clearly and accurately how and from whom the title thereto was obtained by the grantor or grantors."

The deed tendered and offered to be delivered by appellees to appellants, John B. and Oddie Gormley, contains these words:

"and being the same property conveyed to Jos. F. Overstreet by J. C. Woodward and wife by deed dated

April 18, 1890, and of record in Deed Book 88, page 112, Fayette County Court Clerk's office. The said John M. Overstreet, Robt. S. Overstreet, Jennie O. Stagg, Robt. J. Mann and Fannie Mann Rsesigiue, (the last two named being the only children and heirs at law of Maggie Overstreet) all being of lawful age, and being all and the only heirs at law of Jos. F. Overstreet, dedeceased.''

These persons are the grantors in said deed and as the record stands, there is no denial of the statements above quoted with reference to the manner of derivation of title by appellees, and we think that same conforms to the requirements of the statute in question. It is sufficient to authorize the same to be recorded.

As to the second objection to the deed so tendered and offered to be delivered by appellees to appellants, John B. Gormley and Oddie Gormley, it depends upon the construction of the deed from Richard Martin to Rhoda Johnson above set forth. The question is: Did Rhoda Johnson, by virtue of that conveyance, acquire a fee simple to the land conveyed to her, upon her reaching the age of 21 years, notwithstanding the fact that she afterwards died without legal issue?

It will be noticed that the deed from Richard Martin to Rhoda Johnson reserves unto said Richard Martin during his lifetime the power to manage and control the property thereby conveyed, and reserves unto Henry Johnson, grandfather of said Rhoda Johnson, similar power to manage and control said property up to the time said Rhoda Johnson reaches the age of 21 years.

In Harvey v. Bell, 118 Ky., 522, in an exhaustive opinion by Chief Justice Hobson, this court said:

''Where property is devised to one or more infants and is to be held by their trustees or guardians until they are 21 years old, and then be turned over to them, or divided between them, with the proviso that if they die without issue it shall go to the survivors, or if all die, to a third person it has been held that the limitation as to dying without issue is to be limited to a death in infancy before the period of distribution. Hughes v. Hughes, 51 Ky., 115; Thackston v. Watson, 84 Ky., 206, 8 R., 193, 1 S. W., 398; Trabue v. Terry, 9 S. W., 161, 10 R., 345; Wilson v. Bryan, 90 Ky., 482, 12 R., 431, 14 S. W., 533; Jones v. Moore, 96 Ky., 273, 16 R., 561, 28 S. W., 659; Kephart v. Hieatt, 78 S. W., 425, 25 R., 1602.''

We think this is the principle applicable to the limitation in the deed under consideration. The infant, Rhoda Johnson, under this rule of law, was vested with a defeasible title to said land upon the execution and delivery of said deed subject to be defeated by her dying in infancy and which ripened into a fee simple title upon her reaching the age of 21 years, at which time she came into full possession and control of the property.

It is the policy of the law, as well as the tendency of the courts, to favor the free and uncontrolled use and enjoyment of property, and the unrestricted power of alienation; and this court in all the later cases, in construing deeds, where the complete possession and enjoyment of the first taker is deferred to a future time, has held that where there are two periods to which the words "dying without issue" may be referred, that they should be referred to the first period, in order that the title may become absolute at the earliest practical time.

In conveying this property to said Rhoda Johnson, the grantor, by the terms of the conveyance, held the property for her during his lifetime, and he provided that after his death it should be held by her grandfather for her, until she reached the age of 21 years, when it should be turned over to her; and the specification "dying without issue" under this state of case meant dying without issue before she came into full possession of the property so conveyed to her.

Appellants cite numerous authorities, some of them apparently supporting their contention, but all of them so relied upon, antedate the case of Bell v. Harvey above referred to, and as said in that case "while there are in some of the opinions *dicta* not readily to be reconciled, the decisions themselves are more harmonious." In that case, all the cases cited by appellants were considered, and the decisions of this court with reference to the meaning of words of survivorship were reviewed and classified and these classifications have been followed by this court since that case was decided. We, therefore, think it unnecessary to discuss again the authorities involved, and we, conclude that the deed tendered, and offered to be executed and delivered by appellees to appellants, John B. Gormley and Oddie Gormley, is sufficient in form and conveys to them an absolute fee simple title to the lot in question, and the lower court having so held, the judgment is affirmed.