DANIEL McCARTY, ET AL., *v.* LEWIS N. WILSON.

**Specific Performance.**

   Where a title bond is executed to convey a described boundary of
   land at a given price, and it was agreed and stated that the boundary
   contained 72¼ acres and eleven poles, and it is ascertained there-
   after that the tract contained 75 acres, it was decreed by the chan-
   cellor that the vendor should convey all the tract owned by him in-
   cluded in the bond, but that the vendee should pay the vendor for
   the extra land received.

**Discretion of Court.**

   The court has a large discretion in enforcing the specific execution
   of contracts, and the court of appeals will not reverse in the absence
   of the abuse of such discretion.

### APPEAL FROM KENTON CHANCERY COURT.

March 25, 1879.

OPINION BY JUDGE ELLIOTT:

On the 28th day of August, 1876, the appellants sold and exe-
cuted their title bond to convey to appellee a described boundary of
land at the price of $3,300. It was agreed and so stated that the
boundary contained 72¼ acres and 11 poles.

Afterward it was ascertained that the tract contained about 75
acres, and under the plea that there was a mistake in the boundary
of the bond appellants took possession of about three acres of the
land and tendered a deed to appellee for the balance. Appellee re-
fused to accept the deed, and brought this suit for a specific execu-
tion of the contract.

The evidence conduces to prove that at the time the bond was
executed the appellants wished to retain a small part of this land,
but we think that appellee did not consent to exclude any part of
the boundary, and if such agreement was made it is ineffectual to
vary the boundaries or contradict the terms of the written agree-
ment. But the evidence conduces to prove that appellee agreed that
he only bought 72¼ acres and 11 poles, and he appears to have
thought at one time that he could only obtain a conveyance for this
number of acres.

The chancellor on the hearing adjudged that the appellants should
convey all the tract owned by them included in the bond, but appel-
lee should pay appellants for all the land over 72¼ acres and 11
poles at the same rate that he was to pay for that number of acres.

We think that this judgment should not be disturbed. The parol agreement insisted on by appellants seems to have been made when the bond was executed, and therefore cannot vary its terms, and therefore appellee is entitled to the boundaries described by the bond, but as he bought 72¼ acres and 11 poles only, and so afterward agreed, and as both parties were confident that the land embraced by the bond contained only 72 and a fraction acres it was not inequitable to require appellee to pay at the same rate for the surplus land in the tract. Besides, the amount is small compared to the price paid, and as appellee agreed to pay the $3,300 for the 72 and a fraction acres it is not inequitable to require him to pay for the extra land in the boundary purchased.

We think the appellants have no right to complain. They gave their covenant for the boundary, which appellee asked should be conveyed to him, and the parol agreement on which they insist should have been inserted in the bond. It is said that appellee agreed afterward to take the land embraced in the deed which appellants tendered him. But we think that the evidence disproves this assertion.

The court has a large discretion in enforcing the specific execution of contracts, and we cannot say that such discretion has been abused in this case. Wherefore the judgment is *affirmed* on the original and cross-appeals.

*R. D. Handy, for appellants.    C. Edginton, for appellee.*