# McKee *v.* Lawrence Savings & Trust Company, Appellant.

*Wills—Construction—Life estate or fee simple—Die without issue—Act of July 9, 1897, P. L. 213.*

Where a testator devises land to his wife for life or widowhood, and at her death to a nephew "and should he die without issue the same to lapse to the residue of my estate, and be distributed as provided in this will," and further directs that at the death of his wife all the rest and residue of his estate should go to ten nieces and nephews naming them, including the nephew previously mentioned, such nephew takes an estate in fee simple on the death of the testator's widow.

The intention of the testator was to give an absolute estate conditioned upon the devisee surviving the widow, or the date of her marriage, and his not dying without issue before that time. To make an estate, absolute in inception, defeasible by an artificial canon of construction would be contrary to the intention of the testator.

The Act of July 9, 1897, P. L. 213, is not applicable to the language of such a will.

Argued May 8, 1916. Appeal, No. 119, April T., 1916, by defendants, from judgment of C. P. Lawrence Co., Dec. T., 1915, No. 99, for plaintiff on case stated in suit of Elizabeth McKee v. Lawrence Savings & Trust Company, Trustee in the Estate of Andrew Woods, deceased,

200 McKEE *v.* LAWRENCE S. & TR. CO., Appellant.

Rosanna Berger, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Case stated to determine title to real estate.

From the case stated it appeared that Andrew Woods from whom the defendants claimed title died on June 1, 1913, testate and without issue. The facts appear by the opinion of the Superior Court.

The court entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*S. W. Dana* and *Robert K. Aiken,* with them *R. F. Dana,* for appellants.—Andrew Woods took an estate in fee simple: Robinson v. Jones, 222 Pa. 56; Ault v. Karch, 220 Pa. 366; Hannon v. Fliedner, 216 Pa. 470; Holmes v. Stanhope, 217 Pa. 63; Black v. Woods, 213 Pa. 583; Mayer v. Walker, 214 Pa. 440; Schnebly's Est., 249 Pa. 211.

The Act of July 9, 1897, P. L. 213, does not in any way militate against the rule and can have no application to this devise: Mayer v. Walker, 214 Pa. 440; McAlpin's Est., 211 Pa. 26; Caldwell v. Skilton, 13 Pa. 152; Seigwarth's Est., 33 Pa. Superior Ct. 622; Neubert v. Colwell, 219 Pa. 248.

*William McElwee, Jr.,* with him *W. D. Wallace* and *H. A. Wilkinson,* for appellee.—The Act of July 9, 1897, P. L. 213, has been applied to five cases in the appellate courts, as follows: Daniel's Est., 27 Pa. Superior Ct. 358; Siegwarth's Est. (No. 1), 33 Pa. Superior Ct. 622; Dilworth v. Schuylkill Improvement Land Co., 219 Pa. 527; Lewis v. Link-Belt Co., 222 Pa. 139; Smith v. Piper, 231 Pa. 378.

The act applies in this case.

OPINION BY WILLIAMS, J., July 18, 1916:

John Riley, the owner of the Coal Bank Farm of 106 acres, the land in dispute, died testate, January 23, 1901. His will was dated September 28, 1898. He devised his entire estate in trust for his wife Ann during life or widowhood. At the death or marriage of his wife he provided by Item 5 of his will as follows: "I give, devise and bequeath to my nephew Andrew Woods.....the Coal Bank Farm containing 106 acres and should he die without issue the same shall lapse to the residue of my estate and be distributed as provided in this will." After making other bequests and devises he provided as follows: "All the rest residue and remainder of my estate, real, personal and mixed, of whatever nature and kind, or wheresoever situate at the death of my wife Ann, I do hereby give, devise and bequeath the same to my nieces and nephews." He then names ten, including Andrew Woods.

Ann Riley survived her husband and died September 26, 1912. Andrew Woods survived her, and at her death entered into possession of the land in dispute and continued in such possession until June 1, 1913, when he died testate and the appellants claim under his will. The appellee claims one-tenth of the land under the residuary clause of John Riley's will.

The question before us then is: Did Andrew Woods take merely a life estate under his uncle's will, or was there vested in him an estate in fee simple?

As the intent of the testator is the cardinal rule for the construction of a will so we turn to it for guidance. After the death or marriage of his wife he says, "I give, devise and bequeath to my nephew, Andrew Woods, the Coal Bank Farm." Without more this would undoubtedly vest an estate in fee in Andrew Woods. Do the added words "and should he die without issue the same shall lapse to the residue of my estate" change the quality of the estate, he having survived the widow, which was the time fixed by the testator for the distribution of

the estate? It will be noted that Andrew Woods was one of the residuary devisees.

The learned court below concedes that "if the will of John Riley had been made before the Act of July 9, 1897, he would probably have held that Andrew Woods, having survived Ann Riley, took an absolute estate in fee simple, because he did not die without issue before her who had a life estate." In this he would be sustained by the authority of Mayer v. Walker, 214 Pa. 440, 444; and Nicholson v. Brown, 238 Pa. 356, 360. The Act of July 9, 1897, 'P. L. 213, provides as follows: "In any gift, grant, devise or bequest of real or personal estate the words 'die without issue,' or 'die without leaving issue,' or 'have no issue,' or any other words which may import either a want or failure of issue of any person in his lifetime, or at the time of his death, or an indefinite failure of his issue, shall be construed to mean a want or failure of issue in the lifetime or at the death of such person, and not indefinite failure of his issue, unless a contrary intention shall appear by the deed, will or other instrument in which such gift, grant, devise or bequest is made or contained."

In Dilworth v. Schuylkill Land Imp. Co., 219 Pa. 527, 531, it is said: "The act, therefore, appears to mean that if words are used which in themselves leave it doubtful whether the failure of issue intended is definite or indefinite, they shall mean definite failure of issue, unless something else in the instrument shows that they are not so intended." Where, however, such contrary intention appears from the will, the words shall be construed to mean an indefinite failure of issue, and give a vested absolute estate and the act does not apply to the use of the words: Siegwarth's Estate, 33 Pa. Superior Ct. 622.

We are of the opinion that the testator intended Andrew Woods to take an estate in fee tail dependent upon his not dying without issue before the period of distribution had arrived. He gave the farm to Andrew Woods

absolutely and added an executory devise over on condition that he died without issue. The clause provides that "the same shall lapse to the residue of my estate and be distributed as is provided in this will." He had fixed the period of distribution "at the death or marriage" of his widow and when she died Andrew Woods was alive, and the farm devised to him was not a part of the residuary estate and so could not be distributed "as provided in this will."

The intention of the testator was to give an absolute estate, conditioned upon the devisee surviving the widow, or the date of her marriage and his not, dying without issue before that time. To make an estate, absolute in inception, defeasible by an artificial canon of construction would be contrary to the intention of the testator.

We are of the opinion that the Act of 1897 is not applicable to the language used by the testator and that the devisee took an estate in fee simple on the death of the testator's widow in 1912.

The judgment of the court below is reversed and judgment is herewith entered for the defendants below with costs of suit.