## Orem, et al. v. Campbell, et al.

(Decided April 24, 1917.)

### Appeal from Henry Circuit Court.

Wills—Construction—Happening of One or More of Several Contingencies.—Under a will devising property to one with limitation over "should he die before the age of twenty-one or without children," the devisee on attaining his majority, although he may subsequently die without children, takes an absolute and indefeasible fee in the property devised. In such a case the word "or" is treated as conjunctive and construed as "and" in order to effectuate the testamentary intent.

BEARD & RIVES and EDWARDS, OGDEN & PEAK for appellants.

MOODY & BARBOUR for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The question on this appeal is what estate did Virgil Orem take under the will of his grandfather, Joseph Orem.

The will, which is wholly in the handwriting of the testator, is dated June 27, 1895, and was probated in the year 1901. When the will was written, Virgil Orem, whose father, Fowler Orem, was dead, was seven years

of age. Virgil died childless in the year 1915, age twenty-six. He left as his only heirs Mary J. Campbell, his grandmother on his maternal side, and M. L. Orem, I. B. Orem, Charley Orem, W. O. Orem, Mrs. J. D. Sandifer, and Mrs. T. W. Scott, relatives on his paternal side.

At the time of his death Virgil had considerable estate, which he acquired under the will of his grandfather, and his administrator brought this suit for the purpose of having the will construed in order that the estate might be properly distributed. Mrs. Campbell took the position that the estate in the property which Virgil received from his grandfather became absolute when Virgil reached the age of twenty-one years. Certain of the other heirs contended that Virgil took only a defeasible fee, subject to be defeated by his death at any time without children. The construction contended for by Mrs. Campbell was sustained, and I. B. Orem, M. L. Orem and Charles Orem appeal.

The will in question is as follows:

"I, Joseph Orem, of Campbellsburg, occupation farmer, make this my last will and testament. I give, devise and bequeath my real estate and personal property as follows, to-wit:

"To my beloved wife Sallie I give and set apart the sum of four thousand dollars ($4,000.00). This is set apart to her before any other division is made, which she shall receive the interest thereon during her natural life, the principal, $4,000.00, shall be equally divided at her death between my six children now living or their bodily heirs, also Virgil Orem shall share with them, equally with them as though his father was living.

"I give her ten acres of land surrounding and including dwelling house during her life and at her death to her three children, Ira, Charley and Mal. I give her all the household and kitchen furniture, provision enough for her and family for one year, one horse and buggy, one milk cow, and whatever may be left at her death shall be sold or divided between my children or grandchildren as the case may be.

"To Ira, Charley and Mal, I devise and will the balance of farm, beginning at corner of L. M. Sanford with the line of Mrs. Sue Connell, with or near line of land bought from Jake Hurley to Orem's branch near spring, containing about two hundred and thirty acres more or less, including ten acres set apart for their mother. Land shall not be sold or divided or mortgaged before Mal

shall be twenty-two years old. After that time, if it is thought best to sell land as a whole, it may be, their mother to retain one thousand dollars of purchase money at her death, the amount one thousand dollars to be equally divided between her three boys or their bodily heirs. The land set apart for Ira, Charley and Mal shall be appraised and they shall receive in equity of my estate, the balance of my real estate shall be sold as soon as a fair price can be obtained. My personal property can be sold as soon as convenient. The amount received from both my real and personal estate shall be disposed of as follows, to-wit:

"Having advanced to my four oldest children different amounts of money, I charge them with without interest, Oscar, eleven hundred dollars, Fowler, one thousand dollars, he being dead I charge the same amount, one thousand dollars, to his son Virgil, Alphia Sandifer one thousand dollars, Fannie Scott nine hundred dollars. I desire all my children and grandchild Virgil shall be made equal with Oscar. If any remainder shall be equally divided between my children and grandchild Virgil share about. All of my estate Alphia and Fannie may be entitled to I leave in trust to their children. Alphia and Fannie shall receive the interest on their part during their natural lives independent of their husband, and in the event they should die without leaving any children their part shall revert back to my estate and be disposed of as set forth above, also Virgil should he die before the age of twenty-one or without children, the part he may be entitled to shall be as part of my estate and be disposed of share and share about between the heirs at law of my estate. I am at this time holding notes against Oscar to the amount of twenty-one hundred and one dollars which I charge him with. Those notes shall bear no interest. This June the 27th, 1895."

The particular provision which we are called on to construe is as follows: ". . . . also Virgil should he die before the age of twenty-one or without children the part he may be entitled to shall be as part of my estate and be disposed of share and share about between the heirs at law of my estate." Appellants insist that, under the rule that a will is construed in the light of what the testator meant by what he did say instead of what he intended to say, the testator, by using the word "or" in the clause "should he die before the age of twenty-one or without children," clearly indicated that the dying

without children had no reference to Virgil's death before reaching the age of twenty-one, but referred to his death at any time. To uphold the contention that the word "or" was used in a disjunctive sense, we would have to hold that the will provided for a limitation over in two contingencies: (1) Should the devisee die before reaching the age of twenty-one; (2) should he die at any time without children. It must be admitted that the testator did not intend that if Virgil should die with children before reaching the age of twenty-one the limitation over would be effective and his children would take nothing under the will. Therefore, to avoid an interpretation that would defeat the evident intention of the testator, the courts following the rule that a dying without issue shall always be referred to some period fixed in the will, rather than to death at any time without issue, uniformly hold that if property be devised to one with limitation over, in the event he dies under the age of twenty-one years or without issue and he reaches his majority, his estate becomes absolute and indefeasible, although he may subsequently die without issue. In such a case the word "or" is treated as conjunctive and construed as "and" in order to effectuate the testamentary intent. Darnell v. Crain, 1 R. 354; McClintock v. Thompson, 10 Ky. Op. 276; Shropshire v. Gault, 26 R. 1197, 83 S. W. 590; Jones v. Moore, 96 Ky. 273, 28 S. W. 659, 16 R. 561; Thackston v. Watson, 84 Ky. 206, 1 S. W. 398; Kephart v. Hieatt, 78 S. W. 425, 25 R. 1602; Crofott v. Duvall, 3 R. 541; Holmes v. Holmes, 5 Bin. 252; Frammingham v. Brand, 1 Wils. 140; Scott v. Price, 2 Serg. & R. 59, 7 Am. Dec. 629; Nicholson v. Brown, 238 Pa. 356, 86 Atl. 192. It follows that the chancellor properly held that the estate which Virgil Orem took under the will in question became absolute when he attained his majority.

Judgment affirmed.