Allen, J.
 

 The pertinent portions of the items of the will in question read as follows:
 

 “Item 4th. I give and bequeath the residue of my estate, both personal and real, at my death, to my grandson, William Grover Martin. I delegate that he come into possession as soon after my death as the law will permit.
 

 “Item 5th. The ten acres of land which I bought of Elizabeth Justis, and for which I hold a separate deed, is not to be sold separate and apart from the
 
 *28
 
 other land, but is to be sold (if sold at all) with the old Starett eighty acres, and is to belong to that farm and to be a part and parcel of it, and further that Willard Wharton is never to own it either directly nor indirectly during his lifetime, should it be disposed of other than I have directed, and W. C. Wharton likely to become the owner of it, I bequeath it to the Presbyterian church of Ashland, Ohio.
 

 ‘
 
 ‘
 
 Item 6th. Now, if the said William Grover Martin dies before he comes into possession of the property or should die without issue from his body, then the property is to go to my brothers and sisters or their heirs, share and share alike.
 

 “Item 7th. Provided, however, that the said William Grover Martin marries and dies without issue from his body, then the wife is to receive one-third of the estate and my brothers and sisters or their heirs the other two-thirds, share and share alike.”
 

 The will further nominated William Grover Martin, together with two others, to be coexecutors of the will and requested that no bond be required of such executors.
 

 It is, in brief, the contention of the plaintiffs in error that William Grover Martin received a life estate only under the will. It is conceded that William Grover Martin some years ago took possession of the testator’s estate, both realty and personal property, that he is married to Martha Martin, and that he has at the present time no issue of his body.
 

 It is the contention of the defendants in error that William Grover Martin received an absolute fee simple under the will, subject only to be divested if he
 
 *29
 
 should die before coining into possession of the estate, and this was the holding of the Court of Appeals. The plaintiffs in error contend that this decision is contrary to the decision of this court in the case of
 
 Briggs
 
 v.
 
 Hopkins,
 
 103 Ohio St., 321, 132 N. E., 843, and
 
 Tax Commission
 
 v.
 
 Oswald, Exrx.,
 
 109 Ohio St., 36, 141 N. E., 678. We do not agree, however, that these cases control in the decision of the present controversy. In the
 
 Briggs case,
 
 the question was whether the provision as to the disposition of the property, in case the daughter of the testatrix should die without issue from her own body, contemplated the death of the daughter as occurring prior to that of the testatrix; or whether the limitation imposed was to be applied no matter when the daughter died. It was held that, in such a devise or bequest, the words “die without issue” are to be interpreted as referring to the time of the death of the first taker, unless a contrary intention and purpose is clearly manifested. In that case,, however, the testatrix emphasized her desire that her property should not pass to those who were not of her own blood by her direction that the property devised to her daughter should be kept separate and apart from any other property that the daughter might have. The court pointed out in the opinion that there could have been no object in directing the segregation by the daughter of the property devised to her if the limitation was to apply only in the event that the daughter died prior to the death of the testatrix.
 

 In the present will there is no such provision, and, on the contrary, the wording of item fifth, above quoted, clearly indicates that the testator content
 
 *30
 
 plated that the property devised to William Grover Martin, instead of being segregated, might be sold. This fact completely distinguishes the present will from the will construed in the
 
 Briggs case.
 

 In the case of
 
 Tax Commission
 
 v.
 
 Oswald,
 
 109 Ohio St., 36, 141 N. E., 678, the testator, after willing and bequeathing to his wife whatever property he possessed at the time of his decease, used this significant phrase: ‘ ‘ She to have full power to sell, deed and transfer, any or all of it, as she may deem best to better her condition. ’ ’ In the- following item, the testator bequeaths “whatever property remains” of his estate after the death of his wife to certain persons in being therein named. This court necessarily held that the wife took only a life estate in the property, coupled with power to sell any or all of it as she might deem best to better her condition. No such limitation exists in the case at bar. On the other hand, in this will a devise of all the residue of the testator’s estate, both personal and.real, is given to his grandson, William Grover Martin, in broad, general terms. Under Section 10580, General Code, this provision of the will carries with it all the estate of the testator which he could lawfully devise, unless it clearly appears by the will that the testator intended to convey a less estate. The desire of the testator to convey such an estate to his grandson is certainly not controverted by the provision, “I delegate that he come into possession as soon after my death as the law will permit.”- In fact, this statement rather indicates the desire of the testator to invest his grandson, if he should attain his majority, with complete and early control of the property, and gives no indication whatever of an intent to convey a lesser estate than fee simple.
 

 
 *31
 
 The further devise of the land to the brothers and sisters upon the contingency that William Grover Martin should die before he comes into possession of his property, or should die without issue from his body, does not defeat the fee estate, but vests in the devisee an estate in fee determinable upon the happening of the contingency.
 
 Durfee
 
 v.
 
 MacNeil,
 
 58 Ohio St., 238, 50 N. E., 721;
 
 Niles
 
 v. Gray, 12 Ohio St., 320.
 

 However, the testator in this case imposed two conditions upon the divesting of the estate. In item sixth he provides that the property is to go to his brothers and sisters or their heirs, “if the said William Grover Martin dies before he comes into possession of the property or should die without issue from his body.” In item seventh the testator provides that, if William Grover Martin marries, and dies without issue of his body, the estate is to be divided between the wife of Martin and the testator’s brothers and sisters. This contingency expressed in item seventh is closely connected with that expressed in item sixth, and is in fact an expansion of it. So far as the condition of dying without issue of the body is concerned, it is identical with and adds nothing to that contained in item sixth. It is the contention of the plaintiffs in error that William Grover Martin does not receive an absolute fee simple until both of these conditions are fulfilled, namely, until he has come into the possession of the property and has died leaving issue of his body. William Grover Martin has come into possession of the property, and is now living; hence the first contingency fails. He is married. However, he has no issue of his body. Under these circumstances, is
 
 *32
 
 his estate in the lands of the testator an absolute fee simple?
 

 It is the well-settled rule of construction that, where two contingencies are specified, and are connected by the disjunctive “or,” the word “or” may be construed “and,” and that consequently the estate does not pass to the ulterior devisees unless both the specified events happen. 2 Jarman on Wills (5th Am. Ed.), 82; 1 Underhill on Wills, 506;
 
 Ward
 
 v.
 
 Barrows,
 
 2 Ohio St., 241. The fourth paragraph of the syllabus in the
 
 Ward case
 
 reads as follows:
 

 “A testator, devising to his wife one-third of his estate, directs that the residue be equally divided between his four children, and uses the following language: ‘And should any of my said children die before they arrive at the age of twenty-one years,
 
 or
 
 without issue by lawful marriage, then their part or parts to go to the survivors, their heirs and assigns forever; and should it please God that all my above children should die before they come to be of age, that is, twenty-one years,
 
 or
 
 without having issue by lawful marriage, then my will is that my estate, both real and personal, which I have herein-before devised to my said four children, shall go to my dear wife, Hester, and to her heirs and assigns forever.’ One of the children, being the last survivor, died, after arriving at full age, but without issue.
 
 Held,
 
 that the estate became absolute in her when she arrived at the age of twenty-one years, and descended to her heirs upon her death, and the devise over to the widow never took effect.” In such a case, “or” is construed “and,” and there is but one contingency, consisting of two branches, both of which must be accomplished before the es
 
 *33
 
 tate will go over. The
 
 Ward case
 
 is an old adjudication, but it has never been reversed, and it states the established rule.
 

 An extensive note upon this question is found in 48 Am. Dec., 566, with the citation of a great number of cases. The annotator says:
 

 “Although the limitations over are not all clothed in the same language, yet in every case where the gist of the limitation is that the estate is to go over if the devisee fails to attain a certain age, ‘or’ to have issue, the construction has been that the word ‘or’ must be read ‘and’ and that both contingencies must happen before the limitation over will take effect; and that if either event happens, if the devisee either attains the age or has issue, the estate vests.”
 

 To the same effect are
 
 Orem
 
 v.
 
 Campbell,
 
 175 Ky., 210, 194 S. W., 113;
 
 Goldsborough
 
 v.
 
 Washington,
 
 112 Va., 104, 70 S. E., 525. The same rule applies where a third contingency exists, closely connected with the second and an expansion of it.
 
 Nicholson
 
 v.
 
 Brown,
 
 238 Pa., 356, 86 A., 192;
 
 Scott
 
 v.
 
 Price,
 
 2 Serg. & R. (Pa.), 59, 7 Am. Dec., 629;
 
 Holmes
 
 v.
 
 Holmes,
 
 5 Bin. (Pa.), 252;
 
 Frammingham
 
 v.
 
 Brand,
 
 1 Wils. K. B., 140, 95 Eng. Rep. R., 538.
 

 In the
 
 Frammingham case,
 
 which is an authoritative holding upon this point, the question before Lord Hardwicke was upon these words in a will:
 

 “I give and bequeath the inheritance in fee simple of all my lands to R. F., my son, and to his heirs and assigns forever; and in case the said R. F., my son, happen to die in his minority, or unmarried, or without issue, then I give the inheritance in fee to Henry Brand.”
 

 
 *34
 
 R. F. attained the age of 21, bnt died unmarried and without issue, and the Lord Chancellor held:
 

 ‘ ‘ This contingent executory devise to H. B. could never také place, for both the words or are to be taken in a copulative sense; and, unless R. F. had died in his minority, and unmarried, and without issue, H. B. could never take; for if this was to be construed otherwise, it might happen that R. F. might marry and die leaving issue in his minority, which would be disinherited if the estate was not to vest in him absolutely on his marriage, which could never be the intent of the testator; and the case of
 
 Barker and Surtees,
 
 B. R. Mich., 16 Geo., 2, was held to be good law, which was adjudged upon these words in a will (viz.) I give the said premises to my grandson, his heirs and assigns; but in case he dies before he attains the age of twenty-one years, or marriage, and without issue, then he devised the same over to another person. The first devisee attained twenty-one, but died unmarried and without issue; and it was held
 
 per totam Curiam,
 
 that by attaining the age of twenty-one the estate became so absolute in the first devisee, that the executory devise could never take effect, or vest: And Dennison Justice said he would consider it the same as if the testator had said, ‘If my grandson A. B. die under 21, and unmarried, and without issue,' which he did not do, for he attained his age.”
 

 This disposes of the contention of the plaintiffs in error as to item seventh.
 

 The reason for this construction of such testamentary provisions is not difficult to perceive. It would be an unnatural will indeed in which a testator should leave his residuary estate to his own
 
 *35
 
 lineal descendant who might survive him for half a century, and subject him to the possible peril of having his title reduced to a life estate in case he died without issue of his body then living. Hence the courts repeatedly refuse to construe “or” in its strict disjunctive sense, unless the entire tenor of the will demands such construction.
 

 We are of opinion that under the Ohio law the rule is that the construction which permits the substitution of “and” for “or” in the case of a devise over, upon the death of the devisee during minority or without issue, is still in force and unreversed, binding upon this court. Construing “or” as “and,” the estate does not pass to the ulterior devisees unless both of the specified events happen, and William Grover Martin, having taken possession of the property, took a fee simple in the estate, indefeasible and absolute.
 

 The judgment of the Court of Appeals was therefore correct, and is hereby affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias and Day, JJ., concur.