GRINDLE *v.* WARNER, TRUSTEE, ET AL.

(Decided August 3, 1929.)

*Mr. Roscoe C. Lorentz,* for plaintiff.
*Messrs. Stafford & Arthur* and *Mr. George A. Beard,* for defendants.

ALLREAD, J. This action was brought for a construction of the will of George W. Warner, deceased, and especially of item 11 thereof.

The amended petition contains three causes of action. The first cause of action sets out the will and asks for its construction. The second cause of action, in addition, shows a construction of the will by agreement of the parties. The third cause of action sets out, among other averments, that Perry P. Warner, as trustee, agreed to the construction of said will as now contended for by the plaintiff, and agreed to pay the plaintiff the amount due her out of the balance of the funds coming into the hands of said executor and trustee under item 11 of said will.

Issue was joined by answer of Perry P. Warner, as executor and trustee, and also as an individual. The case was tried in the court of common pleas and resulted in a judgment in favor of the defendant. The plaintiff appealed. The defendant presents a motion for a dismissal of the appeal as to the second and third causes of action.

We reach the conclusion that the first cause of action, to wit, the construction of the will, is appealable. It follows also that the second cause of action, which is based upon the first and asks for a construction of the will by reason of its terms, as well as by reason of an agreement for its construction, is also appealable. It is a general rule, which we think is applicable here, that where equity takes jurisdiction it administers full relief. We are therefore of opinion that the case is appealable as to the first and second causes of action.

As to the third cause of action we are in doubt as

to its appealability, but as no relief is to be granted under the third cause of action the motion may be sustained thereto.

The next question relates to the construction of item 11 of the will under the facts shown in the first and second causes of action.

George W. Warner executed his will on December 12, 1922, and died on April 10, 1923. The will was duly probated on April 27, 1923, and Perry P. Warner was appointed executor. On December 17, 1924, said Perry P. Warner was appointed as trustee under item 11 of the will; on March 19, 1925, he duly filed an inventory as such trustee; and on December 17, 1925, he filed an account as trustee under said will, showing a net balance in his hands as such trustee of $28,965.81. It further appears that after giving notice said account was heard in the probate court on February 3, 1926.

The suit in question was brought in February, 1927.

Two questions are presented:

(1) As to the true construction of item No. 11 of the will of George W. Warner.

(2) Are the plaintiffs bound or estopped by the filing of the account in the probate court and by the judgment of the probate court thereon?

Taking up the question of the construction of the will, we find that George W. Warner was a man well advanced in years, who had no children, but left a wife who was hopelessly insane.

His will was made a few months before his death. He makes provision for his wife in the second, tenth, and eleventh items of the will. He is generous in the list of beneficiaries, but in item 2 he disposes

of the principal part of his real estate by a devise to his nephew Perry P. Warner, in fee, subject to a provision for life in favor of his wife, Elizabeth.

By the tenth item he gives certain real estate in the village of Fairfield, Greene county, Ohio, to his wife for life and the fee in remainder to the plaintiff, Mary Grindle, and her husband; also certain personal property to Mary Grindle and Melva Warner, wife of Perry P. Warner.

Then follows item 11, which is as follows: ''All the rest and residue of my bonds, stocks and notes and property of every nature and kind wheresoever situated I give, bequeath and devise to my nephew, Perry P. Warner, in trust to keep the same invested in such securities as may be authorized by law for guardians and trustees, and after deducting out of the proceeds arising therefrom, all taxes, expenses, etc., that he pay to my beloved wife, Elizabeth Warner, three-fourths of such net proceeds and to my nephew, Perry P. Warner, the remaining one-fourth part of such net proceeds. But if for any reason whatever the provisions I have made herein for my beloved wife are not sufficient to provide for her comfort, proper care, keeping and enjoyment, then my said trustee, Perry P. Warner, is hereby authorized to use so much of the principal fund as may be required for her comfort, care and keeping and the enjoyment and pleasures of life, without stint. At the death of my beloved wife, Elizabeth Warner, the principal fund of the residue of my estate, shall be paid to my nephew, Perry P. Warner, to be his absolutely. But if my said wife, Elizabeth Warner, should not survive me, then and in that event, I give, bequeath and devise all the rest

and residue of my notes and stocks of every nature and kind and wheresoever situated to my nephew, Perry P. Warner, to be his absolutely, excepting however, I will and direct that there shall be paid out of said balance or residue, after the payment of all expenses, ten per cent of the same to Mary Grindle, hereinbefore referred to."

The general purpose of item 11 was to create a trust in favor of his insane wife and provide for her comfort and care. In the latter part of the item he attempts to dispose of the trust property after her death. He makes a disposition first of the principal fund of the residue of his estate to be paid to his nephew Perry P. Warner absolutely. He follows this with a provision that in case Elizabeth Warner should not survive him, then in that event he devises all the rest and residue of his notes and stocks of every kind to his nephew to be his absolutely. Then follow the words, "excepting however, I will and direct that there shall be paid out of said balance or residue, after the payment of all expenses, ten per cent of the same to Mary Grindle, hereinbefore referred to."

The question which gives rise to the construction springs from the words above quoted. This will was evidently drawn by some one other than a lawyer and consequently the words and phrases are not presumed to have been used in their exactness. We can not conceive that the testator intended that Mary Grindle should have a tenth interest in this estate only in case the testator's wife died in the lifetime of the testator. It is unreasonable to suppose that George W. Warner, who prepared this elaborate will, and remembered his beneficiaries

with such precision, intended to make a provision of this kind in his will. On the contrary, we think that the connecting words at the beginning of this paragraph, to wit, "excepting however," apply not only to the last clause of the will, but to the preceding clause as well. In other words, the testator, in two clauses of his will, was giving substantially the same property to Perry P. Warner.

The testator was uncertain as to whether his wife would outlive him. He was very solicitous for her interest, and in the first clause in this article he gives her a life estate in this fund, with the remainder in Perry P. Warner. Then he provides that if his wife does not outlive him Perry P. Warner has the estate, but with a limitation in favor of the plaintiff, Mary Grindle. If the period between the first and second estates to Perry P. Warner were eliminated, the connection which we have made would be more apparent; but we think the punctuation as made in the will may be disregarded, and that the last clause should be construed to apply to both estates conferred upon Perry P. Warner. This, in our judgment, is the only reasonable construction of this will, and we think it should be adopted.

The next question is as to the effect of the filing by Perry P. Warner, in the probate court of Clark county, of the account, as trustee under the will.

We do not express an opinion as to whether the probate court was the proper one for the filing of the trustee's account. We assume, however, it was properly filed, and that the court approved the items thereof. While the answer of the defendant shows that the probate court also approved the payment

to Perry P. Warner of the entire fund disposed of by item 11, yet the evidence does not so show, and we are therefore of opinion that so far as this account is concerned it settles the amount of the fund in the hands of Perry P. Warner, but does not purport to dispose of the fund. The said Perry P. Warner therefore has the fund in his hands subject to disposition under the will. Even if the account went farther, and justified payment of the fund to Perry P. Warner, we are still of opinion that under the case of *Henry, Exr.,* v. *Doyle, Exr.,* 82 Ohio St., 113, 91 N. E., 990, 137 Am. St. Rep., 769, it is not conclusive as against the distributee. The same is true as to the case of *Kroll* v. *Close, Admr.,* 82 Ohio St., 190, 92 N. E., 29, 28 L. R. A. (N. S.), 571. To the same effect is *Crawford, Admr.,* v. *Zeigler,* 84 Ohio St., 224, 95 N. E., 743, and *Central National Bank, Savings & Trust Co.* v. *Gilchrist,* 23 Ohio App., 87, 154 N. E., 811.

It is also contended that Mary Grindle was appointed guardian of the insane wife of the testator by the probate court of Greene county, and filed an account in said court; that in this account she asked the approval of the probate court as to the payment of over $5,000 to the husband of Mary Grindle, and that after payment thereof, together with other expenses, there was still a balance in her hands of $102.56, which she paid to the defendant.

We think this account cannot be considered as an estoppel, for the reason that she owed the money to Perry P. Warner, and was only entitled to the money in controversy here after the settlement by the trustee under the will and the determination of the amount of money in his hands. We think this

account has no effect either as an estoppel or otherwise upon the plaintiff's recovery.

We are therefore of opinion that under the eleventh item of the will of the testator plaintiff was entitled to a tenth part, and that she is not estopped or barred by either the account of the said Warner, as trustee under item 11, or by the proceedings in the probate court.

*Decree for plaintiff.*

KUNKLE and HORNBECK, JJ., concur.