HADDOX, EXR., *v.* JORDAN ET AL.

(Decided January 22, 1930.)

*Mr. Charles R. Doll,* for Bernadine Baker Jordan.
*Mr. James I. Boulger,* for Lowell W. Baker and Lowell Baker, Jr.
*Mr. Howard H. Gillard,* for St. Paul's A. M. E. Church and others.
*Mr. Leroy H. Godman,* for St. Paul's Protestant Episcopal Church.

ALLREAD, J. This action is for the construction of the will of Maud Crutchfield Baker, and particularly of Item V thereof. The case was brought in the court of common pleas, which rendered a judgment in favor of the contention of Lowell W. Baker and

of Bernadine Baker Jordan. An appeal was taken to this court, where considerable evidence was taken.

The case has been presented in this court, and the item involved is as follows:

"Item V. I hereby give and bequeath the sum of $2500.00 to the following church organizations, all of which are located in the City of Columbus, Franklin County, Ohio:

"A. St. Phillips Episcopal Church, located on Lexington Avenue of said city.

"B. Second Baptist Church located on Seventeenth Street of said city.

"C. The Union Grove Baptist Church located on Champion Avenue of said city.

"D. St. Pauls A. M. E. Church in said city.

"Said bequests in each instance, to be used by the proper officials of the church for the building of an addition to the church auditorium, and it is my request that each of said churches dedicate said addition to their church auditorium as the Maud C. Baker Memorial.

"I direct and authorize my executor to sell and to convert into cash all my government short time notes, bonds, War Savings Stamps, certificates of deposit, together with interest coupons thereon and from the proceeds of the sale of said notes, bonds, stamps and certificates of deposit, to pay and make the bequests provided for in this Item."

Maud C. Baker, in other items of her will, provided for her own burial and the expense thereof, provided for the payment of her debts, and bequeathed in Item II of the will to her brother and his children, Lowell Baker, Jr., and Bernadine Baker Jordan, or to the survivors of them, her real estate in the city

of Columbus. In Item III she gave to her half sisters and brothers a bequest of $50 each. In Item IV she gave to Charles H. Fullerton and Charles H. Patterson each the sum of $100. In Item VI of the will she gave her clothing, bedding, trunks, etc., to her half-sisters, and by Item VII she gave her jewelry to her niece, Bernadine Baker Jordan. In Item VIII she gave the residue of her estate to her niece, Bernadine Baker Jordan, absolutely. The principal item of her estate, outside of the real estate, is the bequest of Item V.

The ambiguity of Item V of the will relates to the amount of the bequest. It is contended by counsel for the churches that the bequest should be $2,500 to each church. Counsel for the Bakers and Mrs. Jordan contend that the bequest to the churches should be a bequest of $625 to each church, or $2,500 in toto.

The first question is as to the competency of the testimony. We are clear that the scrivener is not a competent witness as to any conversations between him and the testatrix, or as to any instructions which she gave him. The rule is established in the case of *Swetland* v. *Miles,* 101 Ohio St., 501, 130 N. E., 22. This testimony is competent as to the information which he received after his appointment as executor and in the settlement of the estate. The testimony of other witnesses is competent only as to the situation surrounding his appointment by the testatrix and as to the amount and value of the property at the time of the execution of the will. The rule is well stated by the court, Judge Ranney, in *Lessee of Worman* v. *Teagarden, Jr.,* 2 Ohio St., 380, where it was held:

"In construing a will, grammatical accuracy need not be observed, and it should be read with a view to the situation and circumstances of the testator, in reference to the subjects of his dispositions, and the objects of his bounty.

"With these collateral aids to a correct interpretation, the will must speak for itself, and the intention of the testator be gathered from what appears on its face."

The case of *James* v. *Pruden,* 14 Ohio St., 251, is a decision by Judge Ranney to the same effect. See, also, *Townsend's Executors* v. *Townsend,* 25 Ohio St., 477; *Cultice* v. *Mills,* 97 Ohio St., 112, 119 N. E., 200; *Anderson* v. *Gibson,* 116 Ohio St., 684, 157 N. E., 377, 54 A. L. R., 92; and *Van Tilburg* v. *Martin,* 120 Ohio St., 26, 165 N. E., 539.

The case of *Charch* v. *Charch, Exr.,* 57 Ohio St., 561, 49 N. E., 408, in the third proposition of the syllabus, contains the following:

"The intent of the testator, the guide in the construction of a will, is to be gathered from a consideration of the entire instrument, and where any part of a will is ambiguous, oral proof may be heard of the circumstances of the testator at the time of the making of the will, of his estate, and of the objects of his bounty. But where a clause of a will, taken in connection with the whole, is not of doubtful import, and the words of the will are applicable to any subject, they are to be applied accordingly, and the intent of the testator must be derived from the language he has used. In such case, parol evidence cannot be admitted to contradict, add to, or explain the contents of the will."

In the case of *Leopold, Exr.,* v. *Weaver,* 9 Ohio

App., 379, this court construed a will according to the import thereof, and declined to take into consideration an affidavit of the testator not executed agreeably to the statutory provision for wills. This court also construed the will in the *Doersam case,* which was afterwards reported in the Supreme Court, and which is to be found in 115 Ohio State, at page 139, 152 N. E., 387. In both the *Leopold case* and the *Doersam case* this court felt bound to construe the will according to its import. In other words, the court could not take into consideration extrinsic facts which tended to prove that the testator actually intended to make a different distribution of the estate. This court has recently decided the case of *Grindle* v. *Warner,* 33 Ohio App., 532, 170 N. E., 31, from Clark county, in which a liberal construction was made of the Warner will, and a manifest mistake corrected.

Applying the authorities in this state to the case at bar, it is claimed that the will is clear upon its face and requires no extrinsic evidence. We must look at the entire will and obtain all the information imported therein. The courts of this state have held that a will is the most flexible of all instruments and may be readily corrected where the will itself shows a mistake or inadvertence either in respect to the subject-matter of the gift or the object of the will. Light may be thrown upon the intention of the testator by proof of the surrounding circumstances, including the nature of the estate of which the testator is disposing.

The evidence shows that the testatrix in this case was a woman of more than the average intelligence, a school teacher in the city of Columbus, and then in

Chicago, who was later retired upon a pension. Her estate consists of her savings. Her nearest relatives were her brother and his children, who were regarded by her as in comfortable circumstances, and she gave them the real estate above referred to. Her step-sisters she rewarded with a small remembrance, and so also her personal friends. We are struck with the fact that, if the $2,500 willed to the churches is to be divided among four, it is an extremely small bequest for the purpose indicated, to wit, the building of an addition to the auditorium of the church. It seems to us that this amount would be considered inadequate by the testatrix herself. We therefore look for other clauses in the will which might enlarge this amount to make it adequate.

In the succeeding clause, it is provided:

"Said bequests in each instance to be used by the proper officials of the church for the building of an addition to the church auditorium, and it is my request that each of said churches dedicate said addition to their church auditorium as the Maud C. Baker Memorial."

Here we have an intention to build a separate addition to the church, to be formally dedicated under the name of the testatrix. We are impressed with the claim that the testatrix must have intended a larger amount in each instance than $625. This intention is accentuated by the last clause of Item V, in which she directs her executor to sell and convert into cash all of her government short-time notes, bonds, war savings stamps, certificates of deposit, together with interest coupons thereon, and from the proceeds to make the payments provided for in Item V.

The evidence shows that, when the estate came into the hands of the executor, this portion of the estate was found to be at least $12,000, and it is claimed that it will amount to more than that sum. The last part of the item is authority for the payment of the entire amount of the cash received from the sale of these items to the purposes of Item V, which, in our judgment, would amount to at least $10,000, being the amount of the bequest, as liberally construed in favor of the churches. We think such construction is in harmony with the authorities in this state and with the law as we construe it to be.

Cases which throw some light upon this subject are *Adams* v. *Cowen,* 177 U. S., 471, 20 S. Ct., 668, 44 L. Ed., 851, and *Thompson* v. *Betts,* 74 Conn., 576, 51 A., 564, 92 Am. St. Rep., 235. We also have examined the cases of *Noble* v. *Ayers,* 61 Ohio St., 491, 56 N. E., 199, *Foster* v. *Clifford, Exr.,* 87 Ohio St., 294, 101 N. E., 269, Ann. Cas., 1916B, 65, and *Moon, Admr.,* v. *Stewart,* 87 Ohio St., 349, 101 N. E., 344, 45 L. R. A. (N. S.), 48, Ann. Cas., 1914A, 104.

It is claimed by counsel for the defendants that other items of the will using the word "each" in certain pecuniary devises to a number of devisees, and the subsequent residuary clause, make this will certain and unambiguous. While this feature carries a certain weight against the construction which this court has placed upon the will, yet we are unable to reach the conclusion that the will itself is free from doubt and ambiguity. It is contended that there is no sufficient site upon all of the grounds now held by said churches upon which to build said additions. We find, however, that there is either sufficient ground upon which to build said addition,

or that sufficient ground therefor can be acquired.

The construction of the will in the case of *Noble* v. *Ayers, supra,* was that the subsequent clause in the item under consideration modified both prior estates. In the case of *Van Tilburg* v. *Martin, supra,* it was held that the word "or" was construed to mean "and" in order to harmonize the will. And in the *Grindle case* the express terms of the will were modified in order to make the entire will harmonious and reasonable. There is an ambiguity in the will under consideration in respect to the amount devised to each church. This ambiguity is made apparent by the first clause which stated the purpose of the bequests, and is wholly inconsistent with the last clause in Item V, which we think is conclusive of the proposition that the entire fund was ordered to be reduced to money and used for the primary purpose of paying the bequest to the churches. We think the provisions of Item V are more important even than the previous and subsequent bequests. Item II of the will makes the original bequest to Lowell W. Baker and his two children. This is presumed to have been adequate under the circumstances, and the residuary bequest to one of the two children of Lowell W. Baker would seem to imply that a considerable bequest was made to one of the two children, but it was rather intended to be a nominal bequest to make the will harmonious. It would hardly be reasonable to assume, in the absence of clear language in the will, that the testatrix intended to give the first bequest to Lowell W. Baker and his children and the residuary bequest of a larger amount to one of the two children.

We are of opinion that, while the construction of this will is not clear, and by no means conclusive, yet, taking the will as a whole, including Item V, and the condition of the estate therein devised, it was intended that the sum of $2,500 was to be given to each of the churches named in said item; and the will is so construed.

The motion addressed to the sufficiency of the evidence will therefore be sustained as to the testimony of the executor prior to the probation of the will, and will be sustained as to the other testimony except as to the circumstances surrounding the testatrix, her property, and the objects of her bounty. In respect to all of this the motion will be overruled. The will will be construed as herein indicated, and the executor will be ordered to pay to each of the churches named in Item V the sum of $2,500 for the purpose of building an addition to the church auditorium.

*Decree accordingly.*

KUNKLE, P. J., and HORNBECK, J., concur.